## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

WAYNE A. "SKIP" DREIBELBIS, JR.,
      Plaintiff,

   v.

BENJAMIN J. CLARK,
      Defendant.

4:17-cv-1864

Hon. John E. Jones III

## MEMORANDUM

### May 24, 2019

Plaintiff Wayne "Skip" Dreibelbis brings this action against Defendant Benjamin Clark, asserting both federal and state claims for malicious prosecution and malicious abuse of process, as well as retaliation for exercising his First Amendment rights. Plaintiff filed his Complaint on October 12, 2017, (Doc. 1), which Defendant answered on December 26, 2017. (Doc. 6). Presently pending before the Court is Defendant's Motion for Summary Judgment, filed on March 13, 2019. (Doc. 20). The Motion has been briefed, (Docs. 22, 29), and is ripe for our review.[1] For the reasons discussed below, we will grant Defendant's Motion.

## I.  FACTUAL BACKGROUND

On August 21, 2015, Plaintiff was in the parking lot of the Centre County Grange Encampment and Fair (the "Grange") in Centre County, Pennsylvania.

---

[1] Defendant did not file a reply brief.

(Doc. 21 at ¶ 2). While in the parking lot, Plaintiff began to operate a drone over the Grange fairgrounds. (*Id.* at ¶ 3). As Plaintiff landed the drone, several individuals acting as Grange security personnel approached him about his operation of the drone over Grange property. (*Id.* at ¶ 4). The encounter evolved into a confrontation that Plaintiff recorded, at least in part, on his cell phone.

At some point, the Pennsylvania State Police were notified of the confrontation, and Defendant Trooper Clark responded to the scene. (*Id.* at ¶ 7). Defendant began to interview those present. (*Id.* at ¶ 9). Initially, Defendant was informed that Plaintiff had attempted to run over several security guards, but Defendant ultimately determined that to be inaccurate. (*Id.* at ¶ 10). Defendant asked Plaintiff to accompany him to the security officer for an interview, which Plaintiff did willingly. (*Id.* at ¶ 11). During the interview, Plaintiff explained that he believed he was lawfully operating his drone and showed Defendant the cell phone video, which Defendant watched in its entirety. (*Id.* at ¶¶ 13, 14). After the interview, Defendant released Plaintiff and permitted him to leave the property, while Defendant continued to interview others who were present. (*Id.* at ¶¶ 17, 18).

On September 21, 2015, Defendant filed a nontraffic citation charging Plaintiff with disorderly conduct, which was processed by the Magistrate Court on October 13, 2015. (*Id.* at ¶¶ 20, 21). Plaintiff pled not guilty. (*Id.* at ¶ 26).

Defendant prosecuted the summary offense before the Honorable Thomas N. Jordan, the Magisterial District Judge, on January 19, 2016. (*Id.*). Judge Jordan ultimately found Plaintiff not guilty. (*Id.* at ¶ 31).

## II. STANDARD OF REVIEW

Summary judgment is appropriate if the moving party establishes "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). A dispute is "genuine" only if there is a sufficient evidentiary basis for a reasonable jury to find for the non-moving party, and a fact is "material" only if it might affect the outcome of the action under the governing law. *See Sovereign Bank v. BJ's Wholesale Club, Inc.*, 533 F.3d 162, 172 (3d Cir. 2008) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). A court should view the facts in the light most favorable to the non-moving party, drawing all reasonable inferences therefrom, and should not evaluate credibility or weigh the evidence. *See Guidotti v. Legal Helpers Debt Resolution, L.L.C.*, 716 F.3d 764, 772 (3d Cir. 2013) (citing *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150 (2000)).

Initially, the moving party bears the burden of demonstrating the absence of a genuine dispute of material fact, and upon satisfaction of that burden, the non-movant must go beyond the pleadings, pointing to particular facts that evidence a genuine dispute for trial. *See id.* at 773 (citing *Celotex Corp. v. Catrett*, 477 U.S.

317, 324 (1986)). In advancing their positions, the parties must support their factual assertions by citing to specific parts of the record or by "showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." FED. R. CIV. P. 56(c)(1). Notably, however, a plaintiff cannot survive a motion for summary judgment merely by pointing to the allegations in his complaint. *Jackson v. Taylor*, 467 F.App'x 98, 99-100 (3d Cir. 2012) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-24 (1986)); *see also Nisenbaum v. Milwaukee Cnty.*, 333 F.3d 804, 810 (7th Cir. 2003) ("Allegations in a complaint are not evidence.").

A court should not grant summary judgment when there is a disagreement about the facts or the proper inferences that a fact finder could draw from them. *See Reedy v. Evanson*, 615 F.3d 197, 210 (3d Cir. 2010) (citing *Peterson v. Lehigh Valley Dist. Council*, 676 F.2d 81, 84 (3d Cir. 1982)). Still, "the mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment." *Layshock ex rel. Layshock v. Hermitage Sch. Dist.*, 650 F.3d 205, 211 (3d Cir. 2011) (quoting *Anderson*, 477 U.S. at 247-48) (internal quotation marks omitted).

## III.     ANALYSIS

### A.     Counts I and III – Malicious Prosecution and Abuse of Process

In Count I, Plaintiff states a claim under state law for malicious prosecution and abuse of process, and in Count III, Plaintiff asserts a similar federal claim under 42 U.S.C. § 1983. We will begin with a discussion of the malicious prosecution claims.

### 1.    Malicious Prosecution

To establish a claim of malicious prosecution under § 1983, a plaintiff must show that "(1) the defendant initiated a criminal proceeding; (2) the criminal proceeding ended in [the plaintiff's] favor; (3) the defendant initiated the proceeding without probable cause; (4) the defendant acted maliciously or for a purpose other than bringing the plaintiff to justice; and (5) [he] suffered deprivation of liberty consistent with the concept of seizure as a consequence of a legal proceeding." *Zimmerman v. Corbett*, 873 F.3d 414, 418 (3d Cir. 2017).[2] The final element, requiring a deprivation of liberty tantamount to a seizure, gives an intrinsic clue as to the constitutional ground on which malicious prosecution claims under § 1983 are based, namely, the Fourth Amendment. Here, however, Plaintiff asserts his claim based on a violation of the Fourteenth Amendment.

"[T]he Due Process Clause of the Fourteenth Amendment confers both substantive and procedural rights." *Albright v. Oliver*, 510 U.S. 266, 272 (1994).

---

[2] Pennsylvania does not require the fifth element for a malicious prosecution claim, but the first four elements are the same. *See Kossler v. Crisanti*, 564 F.3d 181, 186 n.2 (3d Cir. 2009) (citing *Merkle v. Upper Dublin Sch. Dist.*, 211 F.3d 782, 791 (3d Cir. 2000)).

The United States Supreme Court expressly rejected the notion that malicious prosecution claims could be based on substantive due process rights, holding that "it is the Fourth Amendment, and not substantive due process, under which [a malicious prosecution claim] must be judged." *Id.* at 271. Although the Supreme Court did not decide whether such a claim could be based on procedural due process, later courts have found an implicit rejection of that argument in the *Albright* decision as well. "By stating that 'the accused is not entitled to judicial oversight or review of the decision to prosecute,' *Albright* implies that prosecution without probable cause is not, in and of itself, a constitutional tort. 510 U.S. at 274. Instead, the constitutional violation is the deprivation of liberty accompanying the prosecution." *Gallo v. City of Philadelphia*, 161 F.3d 217, 222 (3d Cir. 1998). Furthermore, "the Third Circuit Court of Appeals has not actually decided whether such a procedural due process right exists." *Thomas v. City of Philadelphia*, 290 F.Supp.3d 371, 381 (E.D. Pa. 2018).

Defendant argues that on this basis alone, Plaintiff's malicious prosecution claim must fail, as there is no clear legal pathway to bringing such a claim only under the Fourteenth Amendment. Plaintiff does not dispute Defendant's argument. Instead, Plaintiff quietly incorporates the Fourth Amendment into his brief and states that the evidence supports a Fourth Amendment claim. We are unmoved by this sleight of hand. Nevertheless, we find that even if we give

6

Plaintiff the benefit of the doubt and construe his Complaint as stating a claim under the Fourth Amendment, *as applied to the states* through the Fourteenth Amendment, the malicious prosecution claim still fails.

The parties do not dispute that the first two elements of a malicious prosecution claim are satisfied: Defendant initiated a criminal proceeding that ended in Plaintiff's favor. The third and fourth elements require that the criminal proceeding be initiated maliciously and without probable cause. Plaintiff argues that Grange security falsely claimed that Plaintiff attempted to run them over with his car, that Defendant elicited this testimony at the summary offense hearing without correcting the record, and that Defendant chose not to charge Grange security officers for their purported misdeeds. The record clearly shows, however, that Defendant immediately knew that Plaintiff did not attempt to run anyone over with his car. (Doc. 22, Ex. A, 56:15-20). The video record makes that obvious. In addition, Defendant stated that his decision to file the citation was based on Plaintiff's noncompliance and his aggressive and "tumultuous" behavior toward security. (*Id.* at 71:8-10; 76:17-23). The video demonstrates exactly this type of behavior. Defendant did not include the inaccurate statement in his incident report. (*See* Doc. 22, Ex. D). Even if a witness testified inaccurately, there is no evidence that Defendant sought to elicit perjury. He stated that he asks open-ended questions to permit witnesses space to tell their narrative. (Doc. 22, Ex. A, 102:10-

17). Moreover, other evidence available at the hearing, such as Defendant's own incident report and the video recording, ably contradicted any inaccurate testimony. Plaintiff, therefore, has failed to show any malice on the part of Defendant or to rebut Defendant's claim that he had probable cause to issue the citation. To the contrary, Defendant testified that he settled on disorderly conduct after assessing the evidence and determining that more severe crimes were not supported, such as harassment or reckless endangerment. (*Id.* at 56:15-16; 57:1-10). The fact that Defendant chose not to file charges against the Grange security officers does not cancel out the probable cause Defendant had to issue the citation to Plaintiff. Thus, the undisputed facts demonstrate that Plaintiff cannot sustain a cause of action for malicious prosecution under either federal or state law.

## 2. Abuse of Process

Abuse of process is "defined as the use of legal process against another primarily to accomplish a purpose for which it is not designed." *Lerner v. Lerner*, 954 A.2d 1229, 1238 (Pa. Super. Ct. 2008). In assessing an abuse of process claim, we look for evidence that the legal process was used "to benefit someone in achieving a purpose which is not the authorized goal of the procedure in question." *Werner v. Plater-Zyberk*, 799 A.2d 776, 785 (Pa. Super. Ct. 2002). Defendant argues that the evidence shows that he issued the citation after reviewing the circumstances and determining that Plaintiff engaged in disorderly conduct, as

noted above.  As already discussed, the video recording fully supports Defendant's assessment that Plaintiff acted disorderly by being noncompliant, argumentative, and aggressive in filming the security officers.  Plaintiff has produced no evidence of any kind to suggest that Defendant filed charges for some reason other than Plaintiff's own behavior.[3]  There is no evidence that Defendant benefited in some way by filing the citation, or that the citation and subsequent hearing was for a purpose other than what the legal proceeding is intended to achieve.  Absent any evidence in support, Plaintiff's abuse of process claims cannot be sustained.  Therefore, we will grant Defendant's Motion with respect to Counts I and III.

### B.    Count II – First Amendment Retaliation

To prevail on a First Amendment retaliation clam, a plaintiff must show: "(1) constitutionally protected conduct, (2) retaliatory action sufficient to deter a person of ordinary firmness from exercising his constitutional rights, and (3) a causal link between the constitutionally protected conduct and the retaliatory action."  *Thomas v. Independence Tp.*, 463 F.3d 285, 296 (3d Cir. 2006) (citing *Mitchell v. Horn*, 318 F.3d 523, 530 (3d Cir. 2003)).  They key aspect to such a claim is the effect of the retaliation at "chilling" the exercise of First Amendment rights.  *Id.*

---

[3] On all counts, Plaintiff repeatedly relies on his own allegations as evidence, which does not suffice to survive a summary judgment motion.

Plaintiff claims that the citation was retaliation for his vocal objection to the way the Grange security officers treated him. Defendant argues that, because Plaintiff merely voiced his complaints in the moment and never filed a private criminal complaint against the security officers, Plaintiff therefore did not engage in protected activity. Whether Plaintiff's speech was protected or not, however, we simply see no evidence of a retaliatory action. Defendant justifiably charged Plaintiff with disorderly conduct because he was noncompliant, evasive, argumentative, aggressively moving his camera into the faces of security guards to capture them on video, and even threatening criminal prosecution for crimes he believed they committed. This is all plainly visible in the video even before Plaintiff was physically restrained. Defendant deliberately chose not to overreach by charging Plaintiff with misdemeanors such as harassment or reckless endangerment and, instead, opted for the lesser charge of disorderly conduct, a summary offense. The careful assessment of which charge best fit the evidence casts a dubious light on the suggestion that the citation was meant to be retaliatory. The fact that Defendant did not also charge the security officers with anything does not show that he was retaliating against Plaintiff. Even with inferences resolved in his favor, Plaintiff has failed to produce evidence to support this claim. Therefore, we also will grant Defendant's Motion with respect to Count II

## IV. CONCLUSION

For the foregoing reasons, we shall grant Defendant's Motion for Summary Judgment. (Doc. 20). A separate order shall issue in accordance with this ruling.